# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

COUNTY OF HARRIS,

                 Plaintiff,

   vs.

PURDUE PHARMA L.P.; PURDUE
PHARMA INC.; THE PURDUE FREDERICK
COMPANY; PURDUE
PHARMACEUTICALS L.P.; CEPHALON,
INC.; TEVA PHARMACEUTICAL
INDUSTRIES, LTD.; TEVA
PHARMACEUTICALS USA, INC.;
JANSSEN PHARMACEUTICALS, INC;
JOHNSON & JOHNSON; ORTHO-MCNEIL-
JANSSEN PHARMACEUTICALS, INC. n/k/a
JANSSEN PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA, INC. n/k/a
JANSSEN PHARMACEUTICALS, INC.;
ENDO HEALTH SOLUTIONS INC.; ENDO
PHARMACEUTICALS, INC. a wholly-owned
subsidiary of ENDO HEALTH SOLUTIONS
INC.; ABBOTT LABORATORIES; KNOLL
PHARMACEUTICAL COMPANY, a wholly-
owned subsidiary of ABBOTT
LABORATORIES; ALLERGAN PLC f/k/a
ACTAVIS PLC; ALLERGAN FINANCE LLC
f/k/a ACTAVIS, INC. f/k/a WATSON
PHARMACEUTICALS, INC.; WATSON
LABORATORIES, INC.; ACTAVIS
PHARMA, INC. f/k/a ACTAVIS, INC.;
ACTAVIS LLC; ALLERGAN SALES LLC;
ALLERGAN USA INC.; INSYS
THERAPEUTICS, INC.; INSYS
MANUFACTURING LLC; MCKESSON
CORPORATION; MCKESSON MEDICAL-
SURGICAL INC.; CARDINAL HEALTH,
INC.; CARDINAL HEALTH 110 LLC;
CARDINAL HEALTH 200 LLC; CARDINAL
HEALTH 414 LLC; AMERISOURCE
BERGEN DRUG CORPORATION;
MALLINCKRODT PLC; ADVANCED

Case No.: _____

PHARMA, INC. d/b/a AVELLA SPECIALTY
PHARMACY and/or AVELLA OF
HOUSTON; NEXGEN PHARMA, INC.;
NEOS THERAPEUTICS BRANDS LLC d/b/a
NEOS THERAPEUTICS LP; MISSION
PHARMACAL COMPANY; FRESENIUS
USA MANUFACTURING INC.; FRESENIUS
KABI USA; ICU MEDICAL SALES INC.;
ICU MEDICAL INC.; MYLAN, INC.;
MYLAN SPECIALITY, LP.; MYLAN
PHARMS INC.; GAZELLE CRAIG, M.D.;
ARUN SHARMA, M.D.; KARIN SHARMA,
M.D.; RICHARD ARTHUR EVANS, M.D.;
DAVID DEVIDO;

                  Defendants.

## THE DISTRIBUTOR DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants AmerisourceBergen Drug

Corporation (improperly pled as "Amerisource Bergen Drug Corporation"), McKesson

Corporation, McKesson Medical-Surgical Inc., and the Cardinal Health Defendants[1] ("Cardinal

Health") hereby give notice of removal of this action, captioned *County of Harris v. Purdue*

*Pharma, L.P., et al.*, bearing cause number 201782618, from the 133rd Judicial District Court of

Harris County, Texas, to the United States District Court for the Southern District of Texas,

Houston Division.  Pursuant to 28 U.S.C. § 1446(a), the grounds for removal are as follows:

### BACKGROUND

1.     On December 13, 2017, Plaintiff, the County of Harris, filed a Petition in the

133rd Judicial District Court of Harris County, Texas.  McKesson Medical-Surgical Inc.,

Cardinal Health 414 LLC, and Cardinal Health 200 LLC received the Petition through service on

---

[1]   The Cardinal Health Defendants include Cardinal Health, Inc., Cardinal Health 110 LLC, Cardinal Health 200
LLC, and Cardinal Health 414 LLC.  By filing this Notice of Removal, Cardinal Health, Inc., Cardinal Health
200 LLC, and Cardinal Health 414 LLC do not concede that they are proper parties to this lawsuit.  In addition,
Cardinal Health, Inc. has not been properly served and expressly reserves all defenses related to personal
jurisdiction and service of process.

2

January 24, 2018. AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal Health 110 LLC received the Petition through service on January 25, 2018.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on AmerisourceBergen Drug Corporation, McKesson Corporation, McKesson Medical-Surgical Inc., Cardinal Health 110 LLC, Cardinal Health 414 LLC, and Cardinal Health 200 LLC is attached hereto as **Exhibit 1**.

2.      The Petition asserts claims against the following Defendants[2]:

a.      "Manufacturer Defendants" — Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company; Purdue Pharmaceuticals L.P.; Cephalon, Inc.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc. a wholly-owned subsidiary of Endo Health Solutions Inc.; Abbott Laboratories; Knoll Pharmaceutical Company, a wholly-owned subsidiary of Abbott Laboratories; Allergan PLC f/k/a Actavis PLC; Allergan Finance LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc. f/k/a Actavis, Inc.; Actavis LLC; Allergan Sales LLC; Allergan USA Inc.; Insys Therapeutics, Inc.; Insys Manufacturing LLC; Mallinckrodt PLC; Advanced Pharma, Inc. d/b/a Avella Specialty Pharmacy and/or Avella of Houston; NexGen Pharma, Inc.; Neos Therapeutics Brands LLC d/b/a Neos Therapeutics LP; Mission Pharmacal Company; Fresenius USA Manufacturing Inc.;

---

[2]    In its Petition, Plaintiff shifts between two methods of categorizing the Defendants. Initially, Plaintiff categorizes the Defendants by type, distinguishing Corporate Defendants and Individual Defendants. (Pet. ¶ 66.)   Elsewhere, Plaintiff categorizes the Defendants by pharmaceutical function, distinguishing manufacturing defendants, distributor defendants, and individual medical doctor or pharmacist defendants.  (*Id.* ¶ 108.)  For purposes of this Notice of Removal, the Defendants are categorized by their pharmaceutical function as either Manufacturer Defendants, Distributor Defendants, or individual Dealer Defendants.

Fresenius Kabi USA; ICU Medical Sales Inc.; ICU Medical Inc.; Mylan, Inc.; Mylan Speciality, LP; and Mylan Pharms Inc.

      b.     "Distributor Defendants" — McKesson Corporation; McKesson Medical-Surgical Inc.; Cardinal Health, Inc.; Cardinal Health 110 LLC; Cardinal Health 200 LLC; Cardinal Health 414 LLC; and AmerisourceBergen Drug Corporation.

      c.     "Dealer Defendants" — Gazelle Craig, M.D.; Arun Sharma, M.D.; Karin Sharma, M.D.; Richard Arthur Evans, M.D.; and David Devido.

3.     The Petition asserts three causes of action: (1) public nuisance and Texas common law nuisance (against "all Defendants"); (2) civil conspiracy (against "all Defendants"); and (3) negligence (against Manufacturer and Distributor Defendants).  (Pet. ¶¶ 103-119.)

4.     The Petition's allegations against the Distributor Defendants are separate and distinct from the allegations against the Manufacturer and Dealer Defendants.

5.     The thrust of the Petition is that the Manufacturer Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications.  (*Id.* ¶¶ 2, 73-74.)  Plaintiff alleges that, as part of this marketing and promotional campaign, the Manufacturer Defendants employed seemingly independent third-party health care organizations to espouse the virtues of opioid use and disseminate false information regarding abuse and addiction.  (*Id.* ¶¶ 90-95.)  According to Plaintiff, the Manufacturer Defendants' marketing and promotional campaign caused "exponential increase in opioid abuse, addiction, and death" which "required Harris County to expend its limited resources to help those affected by this crisis and protect the community from harms associated with the opioid epidemic."  (*Id.* ¶ 2.)  Some of the Manufacturer Defendants may be citizens of Texas.

6.    As to the Dealer Defendants—medical doctors and a pharmacist who are no longer licensed to practice—Plaintiff alleges they engaged in criminal drug dealing by unlawfully distributing opioid medications to consumers without any legitimate medical purpose. (*Id.* ¶¶ 98-101.)  The Dealer Defendants are citizens of Texas.  (*Id.* ¶¶ 67-71.)

7.    As for the Distributor Defendants, which simply "distribute[] pharmaceuticals to retail pharmacies and institutional providers across the United States, including Texas and Harris County," (*id.* ¶¶ 33, 37, 41) Plaintiff alleges they failed to "monitor, detect, investigate, and report suspicious orders of prescription opiates."  (*Id.* ¶ 116.)  All of the Distributor Defendants are citizens of states other than Texas.

8.    The legal theories that Plaintiff asserts against the Manufacturer and Dealer Defendants are therefore entirely different than those Plaintiff asserts against the Distributor Defendants.   Further, the alleged misconduct underlying Plaintiff's claims against the Manufacturer and Dealer Defendants is entirely different than that underlying Plaintiff's claims against the Distributor Defendants.

9.    On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order creating a Multidistrict Litigation ("MDL") that would include this case.  *See* Transfer Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, ECF 328 (Dec. 5, 2017) (attached hereto as **Exhibit 2**). Since then, the JPML has transferred hundreds of additional opioid-related actions to the MDL, and additional cases have been filed or removed directly into the MDL court, for a total of more than 370 actions.  *See id.* (transferring 62 actions to the MDL); JPML Dkt. No. 368 (transferring 115 actions to the MDL); JPML Dkt. No. 401 (transferring eight actions to the MDL); JPML Dkt. No. 525 (transferring 37 actions to the MDL); JPML Dkt. No. 546 (transferring 33 actions to the MDL); JPML Dkt. No. 601

(transferring 44 actions to the MDL); JPML Dkt. No. 654 (transferring 16 actions to the MDL).

## VENUE AND JURISDICTION

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(c)(3), 1391, 1441(a), and 1446(a) because the 133rd Judicial District Court of Harris County, Texas, where the Petition was filed, is a state court within the Southern District of Texas.

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## ARGUMENT

### I.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND THE DISTRIBUTOR DEFENDANTS.

12.     There is complete diversity of citizenship here because Plaintiff is a Texas citizen and all of the Distributor Defendants are citizens of states other than Texas, *see* Part I.A *infra*; and the citizenship of the Manufacturer and Dealer Defendants is irrelevant for purposes of diversity jurisdiction because they should be severed under Federal Rule of Civil Procedure 21 or the procedural misjoinder doctrine, *see* Part I.B *infra*.

### A.     Plaintiff is Diverse from the Distributor Defendants.

#### 1.     Plaintiff is a citizen of Texas.

13.     The County of Harris is a Texas citizen for purposes of diversity jurisdiction.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (holding that Alameda County is a California citizen for purposes of diversity jurisdiction); *Pyramid Corp. v. DeSoto Cty. Bd. of Sup'rs*, 366 F. Supp. 1299, 1301 (N.D. Miss. 1973) ("[C]ounties are considered citizens for the purposes of diversity.").

### 2.   None of the Distributor Defendants is a citizen of Texas.

14.   For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

15.   Applying this principle, none of the Distributor Defendants is a citizen of Texas.

16.   AmerisourceBergen Drug Corporation is a corporation organized under the laws of Delaware with its principal place of business in Chesterbrook, Pennsylvania.  (Compl. ¶ 41.)

17.   Plaintiff incorrectly alleges AmerisourceBergen Drug Corporation is domiciled in Texas.  (*Id.* ¶ 44.)  Rather, as stated in the previous paragraph, AmerisourceBergen Drug Corporation is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.  *See* Pennsylvania Business Entity Search for AmerisourceBergen Drug Corporation, PENNSYLVANIA BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS, https://www.corporations.pa.gov/search/corpsearch (search "Business Entity" field for "AmerisourceBergen Drug Corporation"; then follow "AmerisourceBergen Drug Corporation" hyperlink) (attached hereto as **Exhibit 3**).

18.   Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Dublin, Ohio.  (Compl. ¶ 37); *see* Ohio Business Entity Search for Cardinal Health, Inc., OHIO SECRETARY OF STATE, https://www5.sos.state.oh.us/ords/f?p=100:7:::NO:7:P7_CHARTER_NUM:535613 (attached hereto as **Exhibit 4**).

19.   Plaintiff incorrectly alleges that Cardinal Health 110 LLC, Cardinal Health 200 LLC, and Cardinal Health 414 LLC are domiciled in Texas.  (*Id.* ¶ 40.)  For purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Cardinal Health 110

LLC is wholly owned by Cardinal Health, Inc., which is a citizen of Ohio.  *See* ¶ 18,

*supra*.  Cardinal Health 414 LLC is wholly owned by Cardinal Health 100, Inc., which is an

Indiana corporation with its principal place of business in Ohio.  *See* Indiana Business Entity

Search for Cardinal Health 100, Inc., INDIANA SECRETARY OF STATE,

https://bsd.sos.in.gov/publicbusinesssearch (search "Business Name" field for "Cardinal Health

100, Inc."; then follow "198306-290" hyperlink) (attached hereto as **Exhibit 5**).  Cardinal Health

200 LLC is wholly owned by Allegiance Corporation, which is a Delaware corporation with its

principal place of business in Ohio.  *See* Delaware Business Entity Search for Allegiance

Corporation, DELAWARE DIVISION OF CORPORATIONS,

https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx (search "Entity Name" field

for "Allegiance Corporation"; then follow "Allegiance Corporation" hyperlink) (attached hereto

as **Exhibit 6**).  Accordingly, for purposes of diversity jurisdiction, Cardinal Health 110 LLC,

Cardinal Health 414 LLC, and Cardinal Health 200 LLC are citizens of Ohio, Indiana and Ohio,

and Delaware and Ohio, respectively.  *See* 28 U.S.C. § 1332(c)(1).

20.    McKesson Corporation is a corporation organized under the laws of Delaware

with its principal place of business in San Francisco, California.  (*Id.* ¶ 33); *see* California

Business Entity Search for McKesson Corporation, CALIFORNIA SECRETARY OF STATE,

https://businesssearch.sos.ca.gov/ (select "Corporation Name" search type; then search "Search

Criteria" field for "McKesson Corporation"; then follow "McKesson Corporation" hyperlink)

(attached hereto as **Exhibit 7**).

21.    Plaintiff incorrectly alleges McKesson Corporation and McKesson Medical-

Surgical Inc. are domiciled in Texas.  (*Id.* ¶ 36.)  Rather, as stated in the previous paragraph,

McKesson Corporation's diversity citizenship is in Delaware and California.  *See* ¶ 20, *supra*.

McKesson Medical-Surgical Inc. is a Virginia Corporation with its principal place of business in Virginia. *See* Virginia Business Entity Search for McKesson Medical-Surgical Inc., COMMONWEALTH OF VIRGINIA STATE CORPORATION COMMISSION, https://sccefile.scc.virginia.gov/Business/0203641 (attached hereto as **Exhibit 8**).

22.     Accordingly, all of the Distributor Defendants are citizens of states other than Texas.

      **B.     The Citizenship of the Manufacturer and Dealer Defendants Should Be Ignored.**[3]

            **1.     The Manufacturer and Dealer Defendants should be severed under Rule 21.**

23.     Numerous courts have held that a plaintiff cannot evade federal diversity jurisdiction simply by joining severable claims against non-diverse defendants. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against any non-diverse defendants are severable under Rule 21. *Beta Tech., Inc. v. State Indus. Prods. Corp.*, No. 06-735-SCR, 2008 WL 2782874, at \*2 (M.D. La. July 15, 2008) ("Federal Rule of Civil Procedure 21 empowers a district court to drop a nondiverse party whose presence is not essential to the suit to preserve and perfect diversity

---

[3]     Only one of the Manufacturer Defendants, Purdue Pharma, L.P. is a citizen of Texas. A separate matter, *County of Hopkins v. Purdue Pharma, L.P. et al.* (No. CV43486), originally filed in the 62nd Judicial District Court of Hopkins County, Texas, was removed on December 11, 2017, on the ground that complete diversity existed between the Plaintiff and the Manufacturer and Distributor Defendants. *See County of Hopkins v. Purdue Pharma, L.P. et al.*, No. 4:17-cv-00845-ALM (E.D. Tex.) (ECF No. 1). The Plaintiff filed a Motion to Remand on December 14, 2017. *Id.* (ECF No. 7). Thereafter, it became known that Purdue Pharma, L.P. is a citizen of Texas, and the Court was informed of this development on December 19, 2017, by way of a Response of non-opposition to Plaintiff's Motion. *Id.* (ECF No. 30). On December 19, 2017, the Distributor Defendants also filed a Response to Plaintiff's Motion, asserting that complete diversity still remained between the Plaintiff and the Distributor Defendants and opposing remand as to the Distributor Defendants. *Id.* (ECF No. 31). The next day, on December 20, 2017, the Court granted the Plaintiff's Motion to Remand. *Id.* (ECF No. 33). The Court's two-page memorandum and order did not mention or address the arguments raised by or the citizenship of the Distributor Defendants, and instead focused only on the citizenship of Purdue Pharma, L.P. *See id.*

jurisdiction."); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time.").

24.     Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.  *Birdwell v. XTO Energy, Inc.*, No. 09-1564, 2010 WL 517909, at *2 (W.D. La. Feb. 10, 2010) (denying remand as to diverse defendants and severing dispensable nondiverse parties; explaining that Rule 21 authorizes a court to "'drop' a party on any terms that are just," and this principle is "not limited . . . to cases of misjoinder" and applies whenever the nondiverse parties "are dispensable").

### a.     The Manufacturer and Dealer Defendants are unnecessary and dispensable parties under Rule 19.

25.     Under a straightforward application of Rule 21, the Manufacturer and Dealer Defendants should be severed from the Distributor Defendants to perfect diversity jurisdiction. Plaintiff's claims against the Distributor Defendants are that they failed to "monitor, detect, investigate, and report suspicious orders of prescription opiates."  (Pet. ¶ 116.)  These claims are wholly distinct from the marketing and over-prescribing claims against the Manufacturer Defendants (*id.* ¶¶ 2, 73-74 (allegations of deceptive marketing by Manufacturer Defendants)) and the Dealer Defendants (*id.* ¶¶ 98-101 (allegations of over-prescribing by Dealer Defendants)).  There is no overlap between the factual allegations against the Manufacturer and Dealer Defendants, on the one hand, and those against the Distributor Defendants, on the other, as would make the Manufacturer and Dealer Defendants necessary or indispensable to this action.  Indeed, the 15-page factual allegation sections of the Petition are solely about the Manufacturer and Dealer Defendants and do not once mention the Distributor Defendants.  There

are no allegations about any specific omissions made by any Distributor Defendant and no allegations about any representations made to anyone by any Distributor Defendant about opioid medications.

26.    Thus, resolution of Plaintiff's claims against the Manufacturer and Dealer Defendants plainly would not resolve its claims against the Distributor Defendants, and vice-versa. *See, e.g., Baxter*, 614 F. Supp. 2d at 872 (non-diverse defendants unnecessary where "the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against" the diverse defendant); *Sullivan*, 117 F. Supp. 3d at 707 (same); *DeGidio*, 2009 WL 1867676, at *3 (same).  If Plaintiff wants to pursue claims against the Manufacturer and Dealer Defendants, it has an "adequate remedy . . . in state court." *Baxter*, 614 F. Supp. 2d at 873.

27.    Moreover, alleged joint tortfeasors like the Manufacturer and Dealer Defendants are unnecessary parties as a matter of settled law.  *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Niven v. E-Care Emergency Mckinney, LP*, No. 4:14-CV-00494, 2015 WL 1951811, at *2 (E.D. Tex. Apr. 10, 2015) (Mazzant, J.) ("It is well-settled that joint tortfeasors are not considered required or indispensable parties under Rule 19.") (citing *Nottingham v. Gen. Am. Commc'n Corp.*, 811 F.2d 873, 880 (5th Cir. 1987)).

28.    Severance is particularly appropriate in this case because it will allow the diverse Distributor Defendants to benefit from the significant efficiencies to be gained from participation in coordinated MDL proceedings in the Northern District of Ohio.  *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order).  Multiple courts have recognized the importance of these efficiencies in severing non-diverse defendants and denying remand as to diverse defendants.  *E.g., Sullivan*, 117 F. Supp. 3d at 707 ("Severance is

particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) ("Plaintiff's claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum."); *see also Mayfield*, 2015 WL 3440492, at \*5; *Baxter*, 614 F. Supp. 2d at 873.

29.     As one court explained in materially identical circumstances:

> The Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer defendant] to considerable prejudice.  [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claims against [the manufacturer] in the MDL proceedings.  For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug].

*Cooke-Bates*, 2010 WL 3984830, at \*4 (internal citations omitted).  In the circumstances here, "forcing the [Distributor Defendants] to litigate . . . claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers . . . would defeat the entire purpose of the MDL."  *Sullivan*, 117 F. Supp. 3d at 707.

30.     Though Plaintiff asserts some causes of action against all Defendants, severance of the Manufacturer and Dealer Defendants is nevertheless appropriate.  As multiple courts have made clear, severance is driven not by the *names* of the plaintiff's causes of action, but by the distinct nature of the *factual allegations* underlying those claims, such that resolution of the claims against non-diverse defendants would not necessarily resolve claims against the diverse defendants.  *See*, *e.g.*, *Baxter*, 614 F. Supp. 2d at 872; *Sullivan*, 117 F. Supp. 3d at 707; *DeGidio*,

2009 WL 1867676, at *3.  It is indisputable that such circumstances presently exist.  Severance is thus particularly appropriate because "the claims 'involve different legal standards and different factual allegations.'"  *Kelly*, 2013 WL 2358583, at *3.

### b.  The Manufacturer and Dealer Defendants are also misjoined under Rule 20.

31.    The claims against the Manufacturer and Dealer Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.  Rule 21 permits severance of claims against the Manufacturer and Dealer Defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against the Distributor Defendants.  Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)."  (citation omitted)).  Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants were separate and distinct and arose from different transactions or occurrences.  *See, e.g.*, *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6 (E.D. La. Sept. 10, 2014) (severing non-diverse defendant and denying remand as to diverse defendants where the claims would "be decided based on entirely different evidence").[4]

32.    Here, there is no overlap between the factual allegations against Distributor

---

[4]   *See also Loeffelbein*, 2003 WL 21313957, at *6 (severing non-diverse defendant and denying remand as to diverse defendants where the claims "arise from two different sets of facts"); *Sutton*, 251 F.R.D. at 502-05; *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683 (D. Nev. 2004); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (severing misjoined claims under Rule 21 where plaintiff "allege[d] that many individuals have wronged it in the same way, but in separate transactions or occurrences"); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998) (severing misjoined claims where "the factual scenarios underlying each incident are different, the times are different, and the people involved are different" (footnote omitted)).

Defendants, who are not alleged to market opioids, and Plaintiff's marketing claims against those parties who do market opioids—the Manufacturer Defendants.   Again, in its 15-pages of allegations of fraudulent marketing and over-prescribing, Plaintiff never mentions the Distributor Defendants.   Though Plaintiff asserts some causes of action against all defendants, severance is nevertheless appropriate because the *factual basis* for Plaintiff's marketing claims against the Manufacturer Defendants (alleged misleading promotion of opioid medications) and the prescribing claims against the Dealer Defendant (alleged unlawful prescribing of opioids without any legitimate medical purpose) is separate and distinct from the factual basis for Plaintiff's claims against the Distributor Defendants (alleged failure to prevent or reduce the distribution of opioids).   Thus, "[w]hile [Plaintiff] do[es] not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts." *Loeffelbein*, 2003 WL 21313957, at *6 (severing non-diverse defendants and denying remand as to diverse defendants); *see also Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 2572048, at *1 & *4 (severing misjoined non-diverse defendants, even though Plaintiff pleaded the same thirteen causes of action against the non-diverse and diverse defendants, because the claims rested on different evidence).

## 2.   The Manufacturer and Dealer Defendants have been fraudulently misjoined.

33.   As an alternative to severance under Rule 21, the citizenship of the Manufacturer and Dealer Defendants should be ignored for purposes of diversity jurisdiction under the

fraudulent misjoinder doctrine.  Fraudulent misjoinder, also called procedural misjoinder, "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (citation and internal quotation marks omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

34.     If the requirements for permissive joinder under Rule 20 are not satisfied, "joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants."  *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (citing *Tapscott*, 77 F.3d at 1360); *see also In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) ("[I]t might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction.") (citing *Tapscott*, 77 F.3d at 1360).  Based on this precedent, "most district courts within [the Fifth] Circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted," the fraudulent misjoinder doctrine. *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (collecting cases).  As explained above, Plaintiff's claims against the Manufacturer and Dealer Defendants are factually distinct from, and therefore are misjoined with, the claims against the Distributor Defendants.

35.     Notably, in opioid-related cases like this one, a federal district court recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction.  *See Cnty. Comm'n of McDowell Cnty. v. McKesson Corp.*, 2017 WL 2843614, at *5 (S.D. W. Va. July 3, 2017); *City of Huntington v.*

*AmerisourceBergen Drug Corp.*, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017).   In *McDowell County*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused."  2017 WL 2843614, at *1.  The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct."  *Id.* at *5.  In *City of Huntington*, the court reached the same conclusion for substantially the same reasons.  2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct").  If the Court does not sever the Manufacturer and Dealer Defendants under Rule 21, it should deny remand under the fraudulent misjoinder doctrine.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

36.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 553.

37.     In its Petition, Plaintiff seeks "all measures of actual damages" and "punitive and exemplary damages to the fullest extent permitted by law."  (Pet. Prayer for Relief ¶¶ b-c.)  Plaintiff claims the economic burden caused by opioid abuse in the United States is at least $78.5 billion (Pet. ¶ 78) and that Plaintiff has incurred "excessive costs to treat the opioid epidemic, including but not limited to, increased costs of social services, health systems, law enforcement,

16

judicial system, and treatment facilities." (*Id.* ¶ 119(c).)  Given these allegations, it is plausible

to conclude the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A.   The Notice of Removal is timely.

38.     This Notice of Removal is timely filed.   McKesson Medical-Surgical Inc.,

Cardinal Health 414 LLC, and Cardinal Health 200 LLC received the Petition through service on

January 24, 2018.  AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal

Health 110 LLC received the Petition through service on January 25, 2018.   Because the

Distributor Defendants filed the Notice of Removal on February 16, 2018, removal is timely.

*See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

### B.   All properly joined and served defendants consent to removal.

39.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a)

and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served

must consent to removal.

40.     All of the Distributor Defendants consent to removal, as indicated by their signing

below: AmerisourceBergen Drug Corporation, Cardinal Health, Inc., Cardinal Health 110 LLC,

Cardinal Health 414 LLC, Cardinal Health 200 LLC, and McKesson Corporation.

41.     Because the Manufacturer and Dealer Defendants are not properly joined, their

consent to removal is not required.  *See* 28 U.S.C. § 1446(b)(2)(A); *Jernigan v. Ashland Oil Inc.*,

989 F.2d 812, 815 (5th Cir. 1993) (explaining that a defendant seeking removal based upon

diversity jurisdiction did not need the consent of improperly or fraudulently joined parties "as

removal in those cases is based on the contention that no other proper defendant exists"); *see

also, e.g.*, *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015); *Coffman v. Dole

Fresh Fruit Co.*, 927 F. Supp. 2d 427, 433 (E.D. Tex. 2013).

42.     By filing this Notice of Removal, the Distributor Defendants do not waive any defense that may be available to them and reserve all such defenses.  If any question arises as to the propriety of the removal to this Court, the Distributor Defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

**C.     Notice of Removal.**

43.     Pursuant to 28 U.S.C. § 1446(d), the Distributor Defendants will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

**CONCLUSION**

WHEREFORE, the Distributor Defendants hereby remove this action from the 133rd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Dated this the 16th day of February, 2018.

                                        **SUBMITTED BY:**

                                        */s/ Stan Perry*
                                        _____
                                        Stan Perry (SBN 15799920), lead attorney
                                        Email:  sperry@reedsmith.com
                                        Reed Smith LLP
                                        Suite 1700
                                        811 Main Street
                                        Houston, TX  77002-6110
                                        Telephone: +1 713 469 3800
                                        Facsimile: +1 713 469 3899

                                        *Counsel for Defendant*
                                        *AmerisourceBergen Corporation*

                                        */s/ Matt R. Raley*
                                        _____
                                        Michael W. Mengis, attorney-in-charge

18

mmengis@bakerlaw.com
State Bar No. 13941040
Matt R. Raley
mraley@bakerlaw.com
State Bar No. 24051224
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Phone:  713.751.1600
Fax:      713.751.1717

*Of Counsel*:

Enu Mainigi*
emainigi@wc.com
F. Lane Heard*
lheard@wc.com
Steven M. Pyser*
spyser@wc.com
Ashley W. Hardin*
ahardin@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Phone:  202.434.5000
Fax:      202.434.5029

*Counsel for Defendants*
*Cardinal Health, Inc., Cardinal Health 110*
*LLC, Cardinal Health 200 LLC, and Cardinal*
*Health 414 LLC*

*\*denotes national counsel who will seek pro*
*hac vice admission*

/s/ Robert Scott
Robert Scott, lead attorney
State Bar No. 17911800
Federal Bar No. 3085
Email: rscott@blankrome.com
Marquel S. Jordan
State Bar No. 24041870
Federal Bar No. 596955
Email: mjordan@blankrome.com
BLANK ROME LLP

717 Texas Ave., Suite 1400
Houston, Texas 77002
Phone: (713) 228-6601
Fax: (713) 228-6605

*Counsel for Defendant*
*McKesson Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record are being served with a copy of this document on this 16th day of February, 2018 in accordance with the Federal Rules in the manner stated below:

**Counsel for Plaintiff County of Harris:**

OFFICE OF HARRIS COUNTY ATTORNEY, VINCE RYAN
Vince Ryan
Harris County Attorney
Texas Bar No. 17489500
Robert W. Soard
First Assistant Harris County Attorney
Texas Bar No. 18819100
Terence L. O'Rourke
Special Assistant Harris County Attorney
Texas Bar No. 15311000
John W. Odam, Jr.
General Counsel
Texas Bar No. 15192000
Pegi S. Block
Assistant County Attorney
Texas Bar No. 02498250
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5103
Facsimile: (713) 755-1553
Vince.Ryan@cao.hctx.net
Robert.Soard@cao.hctx.net
Terence.Orourke@cao.hctw.net
John.Odam@cao.hctx.net
Pegi.Block@cao.hctx.net
*Via Certified Mail, Return Receipt Requested*

THE GALLAGHER LAW FIRM
Michael T. Gallagher
Texas Bar No. 07586000
Pamela McLemore
Texas Bar No. 24099711
Boyd Smith
Texas Bar No. 18638400
2905 Sackett Street
Houston, Texas 77098
(713) 222-8080
(713) 222-0066 – facsimile
mike@gld-law.com

*Via Certified Mail, Return Receipt Requested*

Tommy Fibich
Texas Bar No. 06952600
Jay Henderson
Texas Bar No. 09424050
Sara J. Fendia
Texas Bar No. 06898800
FIBICH LEEBRON COPELAND BRIGGS
1150 Bissonnet Street
Houston, Texas 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030
Email: tfibich@fibichlaw.com
*Via Certified Mail, Return Receipt Requested*

Dan Downey
Dan Downey, P.C.
Texas Bar No. 06085400
1609 Shoal Creek Blvd. #100
Austin, Texas 78701
Telephone: (713) 907-9700
*Via Certified Mail, Return Receipt Requested*

**Counsel for Defendants Purdue Pharma, L.P.; Purdue Pharma, Inc.; and The Purdue Frederick Company:**

Noelle M. Reed
Texas State Bar No. 24044211
Noelle.Reed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
T: (713) 655-5122
F: (713) 483-9122
*Via U.S. Mail*

**Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.:**

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

(213) 430-6000
clifland@omm.com
*Via U.S. Mail*

**Counsel for Defendants Endo Health Solutions Inc.; and Endo Pharmaceuticals, Inc., a wholly-owned subsidiary of Endo Health Solutions Inc.:**

Hannah D. Sibiski
Texas State Bar No. 24041373
Hannah.Sibiski@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
T: (713) 576-2400
F: (713) 576-2499
*Via U.S. Mail*

Ingo W. Sprie, Jr.
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com
*Via U.S. Mail*

Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com
*Via U.S. Mail*

**Counsel for Defendant Abbott Laboratories:**

Alper T. Ertas
VENABLE LLP
TX State Bar No.: 24065207
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
atertas@venable.com
Telephone: (415) 343-3214
Fax: (415) 653-3755
*Via U.S. Mail*

**Counsel for Defendant Knoll Pharmaceutical Company:**

J. Laurens Wilkes
Texas State Bar No. 24053548
jlwilkes@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
T: (832) 239-3796
F: (832) 239-3600
*Via U.S. Mail*

**Counsel for Defendants Allergan plc f/k/a Actavis plc; and Allergan Finance LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.:**

Wesley Hill
Texas State Bar No. 24032294
wh@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
T: (903) 212-3937
F: (903) 757-2323
*Via U.S. Mail*

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com
*Via U.S. Mail*

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
*Via U.S. Mail*

**Counsel for Defendants Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Cephalon, Inc.; Teva Pharmaceutical Industries, Ltd.; and Teva Pharmaceuticals USA, Inc.:**

Christina M. Vitale
Texas Bar No. 24077610
Christina.vitale@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5764
Facsimile: (713) 890-5001
*Via U.S. Mail*

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com
*Via U.S. Mail*

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL  33131-2339
brian.ercole@morganlewis.com
*Via U.S. Mail*

**Counsel for Defendant Insys Therapeutics, Inc.:**

Nicholas Alex Sarokhanian
Holland & Knight LLP - Dallas
200 Crescent Court
Suite 1600
Dallas, TX 75201
214-964-9496
Fax: 214-964-9501
Email: nicholas.sarokhanian@hklaw.com
*Via U.S. Mail*

**Counsel for Defendant Mallinckrodt plc:**

Andrew J. O'Connor
Ropes & Gray - Boston
800 Boylston Street

Boston, MA 02199
617-951-7000
Fax: 617-951-7050
Email: Andrew.O'Connor@ropesgray.com
*Via U.S. Mail*

Brien T. O'Connor
Ropes & Gray - Boston
800 Boylston Street
Boston, MA 02199
617-951-7000
Fax: 617-951-7050
Email: Brien.O'Connor@ropesgray.com
*Via U.S. Mail*

**Counsel for Defendant Advanced Pharma, Inc. d/b/a Avella Specialty Pharmacy and/or Avella of Houston:**

Robert W. Horton (TX Bar No. 10024020)
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Telephone: (615) 742-7708
Facsimile: (615) 742-2799
Email: bhorton@bassberry.com
*Via Certified Mail, Return Receipt Requested*

John S. Golwen
Jonathan E. Nelson
100 Peabody Place, Suite 1300
Memphis, Tennessee 38103
Telephone: (901) 543-5900
Facsimile: (901) 543-5999
Email: jgolwen@bassberry.com, jenelson@bassberry.com
*Via Certified Mail, Return Receipt Requested*

**Counsel for Defendant Mission Pharmacal Company:**

JOHNSON, TRENT & TAYLOR, L.L.P.
Brian P. Johnson
State Bar No. 10685700
Kealy C. Sehic
State Bar No. 24040688
919 Milam Street, Suite 1700
Houston, Texas 77002
(713) 222-2323 – Telephone

(713) 222-2226 – Facsimile
bjohnson@johnsontrent.com
ksehic@johnsontrent.com
*Via Certified Mail, Return Receipt Requested*

**Defendant Fresenius USA Manufacturing Inc.**
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136
*Via Certified Mail, Return Receipt Requested*

**Defendant ICU Medical Sales Inc.**
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136
*Via Certified Mail, Return Receipt Requested*

**Defendant Mylan, Inc.**
P.O. Box 12079
Austin, TX 78711-2709
*Via Certified Mail, Return Receipt Requested*

**Counsel for Defendant Gazelle Craig, M.D.:**

Don E. Lewis
Texas Bar No. 12275235
Email: Lewisfirm@aol.com
1717 St. James Place
Suite 625
Houston, TX 77056
Tel. (713) 622-0318
Fax. (713) 622-0328
*Via Certified Mail, Return Receipt Requested*

**Defendant Arun Sharm,** *pro se***, #99154-179**
Federal Prison Camp-A
P.O. Box 26010
Beaumont, Texas 77720
*Via Certified Mail, Return Receipt Requested*

**Defendant Kiran Sharma,** *pro se*
5738 Beverly Hills Walk
Houston TX 77057
Tel: 409-363-9660
*Via Certified Mail, Return Receipt Requested*

**Defendant Richard Arthur Evans**
2105 East Whatley Road

Oakdale, LA 77056
*Via Certified Mail, Return Receipt Requested*

**Defendant David Devido**
5150 Hidalgo #1301
Houston, TX 77056
*Via Certified Mail, Return Receipt Requested*

*/s/ Stan Perry*
_____
Stan Perry